FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 AUG -5 PM 3: 11
CLERK M. akers
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 319-003 |
| | ) | |
| TREMAYNE O. LINDER | ) | |
| LAKESIA L. HARDEN | ) | |

**O R D E R**

After a careful, *de novo* review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. nos. 71, 74.) The Magistrate Judge's R&R recommended denying both Defendants' motions to suppress. (See doc. no. 69.)

The thrust of Defendant Harden's objections concerns the R&R's explanation that, immediately prior to Sergeant Eric Roland conducting the search of Defendants' home, Defendant Harden's sister, Tamara Harden, "attempted to leave the room, and Sergeant Roland requested she remain seated in the living room because 'we're probably about to conduct a search on this residence.'" (Doc. no. 69, p. 4.) Defendant Harden points to the R&R's omission of the fact that, on cross examination, Sergeant Roland testified both Tamara Harden and Defendant Harden were not free to leave at that moment. (See doc. no. 73, p. 28; doc. no. 74, pp. 2-3.) Defendant Harden argues this fact is critical because, when considered along with the totality of the circumstances, it establishes she was in custody at

the time of the search and Sergeant Roland's conduct "significantly curtailed her ability to object ...." (Doc. no. 74, p. 2.) The Court disagrees.

In Georgia v. Randolph, 547 U.S. 103, 122-23 (2006), the Court held a tenant's "express refusal of consent to a police search is dispositive as to him, regardless of the consent of [a cotenant]." Silence and acquiescence do not constitute express refusal. See United States v. Watkins, 760 F.3d 1271, 1283 (11th Cir. 2014) ("[Defendant's] silence and acquiescence hardly qualify as the type of objection required by Randolph."); United States v. Harris, 526 F.3d 1334, 1339 (11th Cir. 2008) (holding Randolph did not apply to taxi passenger who did not "actually express a refusal" to search after driver consented). As the Magistrate Judge already found, it was incumbent upon Defendant Harden to voice any objection at the time Sergeant Roland announced his intention to conduct the search. She said nothing.

Even assuming Defendant Harden was in custody while she sat unrestrained on her living room couch as Sergeant Roland began the search, it is well established a person can give affirmative consent to a search when they are handcuffed and unquestionably in custody. Illuminative is the following passage from United States v. Telcy, 362 F. App'x 83, 86-87 (11th Cir. 2010):

> The record establishes that Telcy was in handcuffs and in custody following the discovery of contraband in his car. However, the officers did not employ any coercive tactics. The officers did not brandish their weapons and did not threaten Telcy or lie to him or otherwise unreasonably pressure him into acceding to their request. Detective Tianga merely asked Telcy where his apartment was, whether they would find anything illegal inside and whether they could search. Telcy identified his apartment and consented. According to Detective Tianga, Telcy was fully cooperative with the officers, permitting them to search his car, directing them to the right apartment when they approached the wrong door and showing them where they could find the keys to his safe. Although officers did not inform Telcy of his right to refuse his

2

consent, this does not invalidate an otherwise valid consent. See United States v. Taylor, 458 F.3d 1201, 1205 (11th Cir.2006).

Here, as in Telcy, Defendant Harden fully cooperated with Sergeant Roland from the moment he approached the front door and she invited him into the home, and there is no evidence of coercive tactics, brandishing weapons, threats, or lies. Defendant Harden had every opportunity to voice an objection to the search but did not. This Court concludes, as did the Magistrate Judge, she was not cowed into silence by police harassment, intimidation, or coercion. Instead, her decision to remain quiet and allow the search to occur was voluntary.

Accordingly, the Court **OVERRULES** Defendant Harden's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** Defendants' motions to suppress, (doc. nos. 44-46).

SO ORDERED this \_\_\_\_\_ day of August, 2019, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3